UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:17-cv-80384-RLR

ADAM SCHEIDT and PATRICK )
MCGOVERN, )
  )
       Plaintiffs, )
v. )
  )
BL RESTAURANT OPERATIONS, LLC )
d/b/a BAR LOUIE, )
  )
       Defendant. )
  )

## DEFENDANT, BL RESTAURANT OPERATIONS, LLC ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COLLECTIVE ACTION COMPLAINT

DEFENDANT, BL RESTAURANT OPERATIONS, LLC d/b/a BAR LOUIE ("Defendant"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 8 and 12, hereby answers Plaintiffs' Amended Complaint (Doc. 1-2 at 18)[1] and asserts defenses and affirmative defenses as follows:

### NATURE OF THE ACTION

1. Defendant admits that Plaintiffs brought this lawsuit under the Fair Labor Standards Act ("FLSA"), however Defendant denies Plaintiffs are entitled to any relief requested and all other allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Amended Complaint.

---

[1] Defendant notes that, at time of filing this Answer and Affirmative Defenses, Docket Entry no. 1-5, titled "State Court Complaint" links to the Plaintiffs' initial complaint filed in state court. The operative Complaint, however, is the Amended Complaint, located in the state court file. (Doc. 1-2 at 18).

3. Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendant admits that Plaintiffs purport to bring this action on behalf of them and all similarly situated individuals. Defendant, however denies this action is suitable to collective adjudication and denies that any Plaintiff is entitled to the relief requested. Defendant denies all other allegations contained in Paragraph 8 of the Amended Complaint.

## THE PARTIES

**PLAINTIFFS**

*Adam Scheidt*

9. Defendant does not know the residency of Plaintiff Adam Scheidt and therefore denies the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint, Defendant further states that Plaintiff Scheidt was properly classified and compensated under the FLSA.

13. Defendant admits a consent form from Plaintiff Scheidt is attached to the Amended Complaint, but denies that Plaintiff is entitled to any of the relief he has requested.

*Patrick McGovern*

14. Defendant does not know the residency of Plaintiff Patrick McGovern and therefore denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendant admits a consent form from Plaintiff McGovern is attached to the Amended Complaint, but denies that Plaintiff is entitled to any of the relief he has requested.

*Defendant Bar Louie*

19. Defendant admits the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Amended Complaint except denies that there are "similarly situated" employees.

23. Plaintiffs do not specify which employment policies, practices and procedures they are referring to and Defendant therefore denies the allegations in Paragraph 23 of the Amended Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Amended Complaint.

## JURISDICTION AND VENUE[2]

25. Defendant admits this Court has personal jurisdiction over it, but denies Plaintiffs are entitled to any of their requested relief.

26. Defendant admits this Court has personal jurisdiction over it, but denies Plaintiffs are entitled to any of their requested relief.

27. Defendant admits this Court has personal jurisdiction over it, but denies Plaintiffs are entitled to any of their requested relief.

28. Defendant admits that venue is proper with this Court, but denies Plaintiffs are entitled to any of their requested relief.

29. Defendant admits that venue is proper with this Court, but denies Plaintiffs are entitled to any of their requested relief.

## FLSA COLLECTIVE ALLEGATIONS

30. Defendant admits that this purports to be an action for overtime compensation pursuant to the FLSA and the named Plaintiffs are current or former assistant managers for the Defendant. Defendant denies that plaintiffs, or the alleged putative class of current or former

---

[2] The personal jurisdiction and venue allegations in the Amended Complaint were applicable to the state court, prior to removal of this action. Defendant responds as to this Court.

4

assistant managers, are entitled to the relief requested and further denies the all other allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint, including subparts.

33. Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

## **COMMON FACTUAL ALLEGATIONS**

36. Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint, including subparts.

40. Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages
### Brought on Behalf of Plaintiffs and FSLA Collective Action Members[3]

45. Defendant incorporates its responses to the allegations in Paragraphs 1 through 44, as if set forth fully herein.

46. Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendant admits Plaintiffs Scheidt and McGovern have provided documents purported to be written consents to be parties to this action but denies they, or any alleged similarly situated employees or former employees of Defendant are entitled to the relief requested herein.

48. Defendant admits that former and current assistant managers employed by Defendant are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a), but denies those employees are appropriate for collective adjudication and denies that they are entitled to any of the relief requested herein.

---

[3] Defendant denies liability and that this case is suitable for collective treatment. For sake of correspondence with the allegations in the Amended Complaint, however, Defendant adopts the headings as set forth in the Amended Complaint.

49. Defendant admits the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendant admits the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendant admits the allegations contained in Paragraph 51 of the Amended Complaint except denies that that this case is suitable for collective treatment.

52. Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint.

## PRAYER FOR RELIEF

In response to the "Wherefore" allegations following Paragraph 56 of the Amended Complaint, Defendant denies that Plaintiffs are entitled to judgement or relief.

## DEMAND FOR TRIAL BY JURY

Defendant denies that Plaintiffs are entitled to a jury trial on all aspects of their claims.

## AFFIRMATIVE AND OTHER DEFENSES[4]

### FIRST DEFENSE

To the extent that Defendant has any liability in this case, which it denies, any act or omission giving rise to such liability was in good faith and Defendant had reasonable grounds for believing that its act or omission was not a violation of the FLSA therefore the Court should award no liquidated damages or any other amount that exceeds the actual back wages.

### SECOND DEFENSE

Plaintiffs' claims and the claims of classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, are barred to the extent Plaintiffs seek damages beyond the applicable limitations periods, which here is two years and at most three years, for any wage or overtime claims.

### THIRD DEFENSE

Plaintiffs' claims and the claims of classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, are barred in whole or in part, because Plaintiffs and the members of the purported class were properly classified as exempt under one or more exemptions, or combination of exemptions, including, but not limited to, professional, administrative, and/or executive exemptions under the FLSA.

### FOURTH DEFENSE

Plaintiffs cannot establish that any acts or omissions of Defendant were in willful violation of the FLSA.  Accordingly, a two-year statute of limitations applies to the claims of Plaintiffs and the classes of persons Plaintiffs purport to represent (the existence of which is expressly denied).

---

[4] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

8

**FIFTH DEFENSE**

Plaintiffs' claims and the claims of classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, are barred because Plaintiffs were paid all wages due.

**SIXTH DEFENSE**

Even crediting the allegations of the Amended Complaint, the activities for which Plaintiffs and the classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, is allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

**SEVENTH DEFENSE**

To the extent Plaintiffs and the classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, are entitled to damages, Defendant is entitled to a credit or set off against amounts overpaid to Plaintiffs and the classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, in the course of their employment.

**EIGHTH DEFENSE**

To the extent Plaintiffs seek recovery of attorneys' fees, Plaintiffs and the classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, are not entitled to such recovery.

**NINTH DEFENSE**

Plaintiffs' causes of action and those of the members of the classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, are barred to the extent

they seek injunctive, declaratory, and/or other equitable relief, in light of the fact that Plaintiffs and the members of the classes Plaintiffs purport to represent have adequate remedies at law and have suffered no irreparable harm due to any alleged conduct of the Defendant.

## TENTH DEFENSE

Some or all of the disputed time for which Plaintiffs and the classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, seek recovery of wages purportedly owed was spent engaged in activities which were not compensable work under the FLSA and other applicable laws and were not an integral and indispensable part of their principal activities.

## ELEVENTH DEFENSE

Plaintiffs and the classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, have been properly paid for all compensable time under the FLSA and any other applicable law or regulation.

## TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA or any law with respect to matters alleged in the Amended Complaint.

## THIRTEENTH DEFENSE

Current and former employees of Defendant are not similarly situated for purposes of the FLSA or any other law.

## FOURTEENTH DEFENSE

Plaintiffs fail to satisfy the prerequisites for certification under the FLSA and, therefore, cannot represent the interests of others.

### FIFTEENTH DEFENSE

Because liability may be not determined by a single jury on a class-wide basis, allowing this action to proceed as a class or collective action would violate Defendant's rights under the Seventh Amendment.

### SIXTEENTH DEFENSE

Plaintiffs lack standing to assert the legal rights or interests of others.

### SEVENTEENTH DEFENSE

This court lacks jurisdiction over the claims of some of the putative class members.

### EIGHTEENTH DEFENSE

Plaintiffs lack standing to seek equitable and/or injunctive relief as sought in the Amended Complaint.

### NINETEENTH DEFENSE

Plaintiffs' Amended Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part because based on the hours worked, Plaintiffs and the alleged putative class members are not entitled to overtime compensation under the FLSA.

### TWENTIETH DEFENSE

Plaintiffs' claims and the claims of the classes of persons Plaintiffs purports to represent, the existence of which is expressly denied, are barred to the extent Plaintiffs seek compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

### TWENTY-FIRST DEFENSE

To the extent Plaintiffs and the classes of persons Plaintiffs purport to represent,

the existence of which is expressly denied, are entitled to any overtime damages, such overtime is calculated at half-time of the regular rate because Plaintiffs' salaries, and the salary of the classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, compensate for all hours worked.

## **TWENTY-SECOND DEFENSE**

Because Plaintiffs' Amended Complaint is phrased in vague and conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

DATED this 10th day of April, 2017.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441


By: */s/ Tasos C. Paindiris*
    Tasos C. Paindiris
    Florida Bar No. 41806
    tasos.paindiris@jacksonlewis.com

    Jesse I. Unruh
    Florida Bar No. 0093121
    jesse.unruh@jacksonlewis.com

Attorneys for Defendant - BL RESTAURANT OPERATIONS, LLC d/b/a BAR LOUIE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by CM/ECF on this 10th day of April, 2017, on all counsel or parties of record on the Service List below.

*/s/ Tasos C. Paindiris*
Tasos C. Paindiris

## SERVICE LIST

Gregg I. Shavitz, Esq.
Florida Bar No. 11398
E-Mail: gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
*Attorneys for Plaintiffs*

Tasos C. Paindiris, Esq.
Florida Bar No. 41806
E-Mail: tasos.paindiris@jacksonlewis.com
Jesse I. Unruh, Esq.
Florida Bar No. 0093121
E-Mail: jesse.unruh@jacksonlewis.com
JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
*Attorneys for Defendant*