UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:17-cv-80384-RLR

ADAM SCHEIDT and PATRICK )
MCGOVERN, )
)
      Plaintiffs, )
v. )
)
BL RESTAURANT OPERATIONS, LLC )
d/b/a BAR LOUIE, )
)
      Defendant. )
_____)

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT**

Defendant, BL RESTAURANT OPERATIONS, LLC d/b/a BAR LOUIE ("Defendant" or "Bar Louie") and Plaintiffs Adam Scheidt and Patrick McGovern and Opt-In Plaintiffs, Jay Burchard, Johnny Hardan, and Randy Reyna, through their undersigned counsel, jointly move for the Court to approve the settlement reached by the parties in this suit instituted under the Fair Labor Standards Act ("FLSA"), and in support thereof, state:

**I.**    **Background**

    **a. Proceedings in State Court Prior to Removal**

1. Plaintiffs Scheidt and McGovern filed their one count Complaint on December 15, 2016, in state court alleging that Defendant violated the FLSA by misclassifying them as exempt from overtime compensation and therefore failed to pay the overtime compensation that was due under the law. (Doc. 1-2 at 3-13). Plaintiffs' Complaint was pled as a collective action, asserting the FLSA claim on their own behalf as well as those who were similarly situated.

2. Plaintiffs contend that they were assistant managers at Defendant's restaurants and that their principal job duties were manual in nature and, therefore, they did not meet the requirements for any exemption to the FLSA's overtime payment requirement. Defendant denies these allegations and contends that Plaintiffs and Opt-In Plaintiffs were exempt under several provisions of the FLSA, including, but not limited to, the administrative exemption and the executive exemption.

3. On January 30, 2017 Ashley Merkel[1] and Johnny Hardan filed a Notice of Consent to join this suit. (Id. at 15-17). On February 1, 2017, Plaintiffs amended the Complaint, which remained largely the same as to the nature of the claim and factual allegations. (Id. at 18-28). On March 2, 2017, Defendant accepted service of process. The same day, opt-ins Randy Reyna and Gregory Johnson[2] filed their Notices of Consent to Join the suit. (Id. at 33-36). On March 24, 2017 Defendant removed this suit to this Court.

b. **Proceedings in This Court**

4. Following removal, Defendant Answered the Complaint (Doc. 8), the Court entered its FLSA Order (Doc. 9), and the parties began conducting discovery and depositions of the named Plaintiffs as well as Defendant's corporate representative.

5. The final Opt-In Plaintiff, Jay Burchard, filed his Notice of Consent to Join on May 10, 2017. (Doc. 17).

6. Pursuant to this Court's Order, Plaintiffs Scheidt and McGovern filed a Statement of Claim (Doc. 14) at the commencement of the lawsuit. In his Statement of Claim, Plaintiff McGovern alleged that he was:

---

[1] Plaintiff Merkel eventually withdrew her consent to join. (Doc. 22).
[2] Plaintiff Johnson was eventually dismissed from this suit, without prejudice, for failure to respond to Defendant's discovery. (Doc. 28).

employed by Defendant as an Assistant Manager between approximately September 2013 and October 2015. Within the FLSA's 3 year statute of limitations which looks back to December 2013 (based on this action being filed on December 15, 2016), he was employed approximately 84 work weeks. During this time, Plaintiff worked between 10 and 20 overtime hours per week on average. Although Plaintiff regularly worked overtime, he was only paid a weekly salary of $913.46, with no additional compensation for the overtime hours he worked. Based on the foregoing, assuming Plaintiff worked 10 overtime hours per week, his damages are:

$913.46/50 hours = $18.27 regular rate
$18.27/2 = $9.13 half time overtime rate
$9.13/hour x 10 overtime hours per week x 84 weeks = $7,669.20.

       7.   Similarly, Plaintiff Scheidt alleged that he:

was employed by Defendant as an Assistant Manager between approximately January 2013 and January 2014. Within the FLSA's 3 year statute of limitations which looks back to December 2013 (based on this action being filed on December 15, 2016), he was employed approximately 4 work weeks. During this time, Plaintiff worked between 10 and 20 overtime hours per week on average. Although Plaintiff regularly worked overtime, he was only paid a weekly salary of $769.23, with no additional compensation for the overtime hours he worked. Based on the foregoing, assuming Plaintiff worked 10 overtime hours per week, his damages are:

$769.23/50 hours = $15.38 regular rate
$15.38/2 = $7.69 half time overtime rate
$7.69/hour x 10 overtime hours per week x 4 weeks = $307.69.

       8.   Opt In Plaintiffs Burchard, Hardan and Reyna did not file Statements of Claim. But through discovery, the parties learned that Opt In Plaintiff Hardan was employed as an Assistant Manager from March 2014 to November 2014. Within the FLSA's 3 year statute of limitations, he was employed as an Assistant Manager for a period of 24 weeks. Mr. Hardan was paid an annual salary of $46,000.00 (which is $884.62 on a weekly basis). Mr. Hardan contends he worked an average of 10 overtime hours per week. Assuming Mr. Hardan is entitled to overtime compensation and worked 10 overtime hours each week (which Defendant denies), Mr. Hardan is owed:

$884.62/50 hours = $17.69 regular rate
$17.39/2 = $8.85 half time overtime rate

3

$8.85 x 10 hours x 24 weeks = $2,124.00 overtime damages

9. Through discovery, the parties also learned that Opt In Plaintiff Burchard was employed as an Assistant Manager from September 2013 to October 2014. Having filed his Consent to Join this action on May 10, 2017, the furthest he can look back for recovery of damages in this action is May 10, 2014. Between May 10, 2014 and October 2014, Opt In Plaintiff Burchard was employed by Defendant as an Assistant Manager for a period of approximately 19 work weeks. Mr. Burchard was paid an annual salary of $42,000.00 (which is $807.69 on a weekly basis). Mr. Burchard contends he worked an average of 10 overtime hours per week. Assuming Mr. Burchard is entitled to overtime compensation and worked 10 overtime hours each week (which Defendant denies), he is owed:

$807.69/50 hours = $16.15 regular rate
$16.15/2 = $8.08 half time overtime rate
$8.08 x 10 hours x 19 weeks = $1535.20 overtime damages

10. Finally, although Randy Reyna filed a Consent to Join this action on March 2, 2017, through discovery, the parties learned that he was an Assistant Manager until August 2013 when his employment ended. As a result, his claim was outside of the FLSA's 3 year statute of limitations, and is time barred. Although Reyna's claim is outside of the statute of limitations, Defendant has agreed to pay a nominal amount to resolve his claim.

11. The parties commenced discovery, during which both Plaintiffs McGovern and Scheidt were deposed by Defendant. Additionally, Plaintiffs deposed Defendant's corporate representative. The parties also served written discovery, and exchanged over 1300 pages of documents.

### c. Resolution of the Claims

12. Despite the Parties' disagreement, the parties were able to resolve Plaintiffs' and Opt In Plaintiffs' claims through settlement.[3]

13. The settlement negotiations were protracted and a settlement was reached after review of relevant documents and analysis of various records and deposition testimony undertaken by counsel. The case involved disputed issues: (a) whether Assistant Managers were properly classified as exempt; (b) if Plaintiffs were misclassified, whether Defendant's alleged violation of the FLSA was willful such that Plaintiffs would be entitled to damages within the FLSA's three year statute of limitations; (c) if Plaintiffs were misclassified, whether Defendant lacked good faith bases for the misclassification, warranting an award of liquidated damages to Plaintiffs; (d) whether Plaintiffs worked overtime; (e) the amount of damages owed to Plaintiffs if they worked overtime; and (f) whether this action was appropriate for conditional certification of an FLSA Collective.

14. Despite the defenses to Plaintiffs' claims in this matter, to avoid the costs and uncertainty of further litigation, Defendant has agreed to a compromise resolution of Plaintiffs and Opt In Plaintiffs' FLSA Claims. As set forth in the attached Agreements, Plaintiffs and Opt In Plaintiffs will be paid the following: $1,000.00 to Plaintiff Scheidt; $15,350.00 to Plaintiff McGovern; $3,550.00 to Plaintiff Burchard; $4,700.00 to Plaintiff Hardan; $500.00 to Plaintiff Reyna.

15. Additionally, Defendant has agreed to pay $50,000.00 in attorneys' fees and costs to Shavitz Law Group, P.A. ("SLG") for its representation of Plaintiffs. SLG represents that

---

[3] Due to Plaintiff Merkel's withdrawal of her consent to join (Doc. 22) and Plaintiff Johnson's dismissal from the suit (Doc. 28) the full list of Plaintiffs and Opt-In Plaintiffs at this time includes: Adam Scheidt, Patrick McGovern, Jay Burchard, Johnny Hardan, and Randy Reyna.

the attorneys' fee and cost award is discounted from the amount it actually incurred representing Plaintiffs and Opt In Plaintiffs. Specifically, SLG represents that it incurred $62,530.00 in attorneys and $4,089.33 in costs to represent Plaintiffs and Opt In Plaintiffs in this action. Therefore, SLG has accepted an attorneys' fee and cost award that is discounted approximately 21%.

16. Defendant made the decision to settle this case, even though the claims herein were defendable, for the sole purpose of ending the expense of attorneys' fees which Defendant knows will far outweigh the cost of settlement.

17. The Parties stipulate that the negotiated compromise and settlement reached between the Parties represents a "fair" resolution of Plaintiffs' FLSA claims, as well as Plaintiffs' reasonable attorneys' fees and costs. The settlement award to Plaintiffs and the attorneys' fees were independently negotiated. Additionally, each Plaintiff (except Opt In Plaintiff Reyna) is receiving 100% of the overtime ***and*** liquidated damages claimed based on them having worked 10 overtime hours every week within the FLSA's three year statute of limitations. This is the case although Defendant asserted good faith bases for classifying Assistant Managers as exempt, and there remains a dispute whether Defendant willfully misclassified Assistant Manager as exempt. The Parties also stipulate that the settlement reached between them advances judicial economy.

18. Both Plaintiffs and Defendant have been represented by counsel throughout the negotiation process. The Parties agree, based on the scope of the claims and the costs of continued litigation that the settlement of Plaintiffs' FLSA claims represents a fair and reasonable resolution that should be approved by the Court.

19. Attached hereto as Composite Exhibit "A" are copies of the Parties' Settlement Agreements.

## II.  Memorandum of Law

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect.  Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

In accordance with Lynn's Food, the Court's review of the attached Agreements is to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiffs success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

See, e.g, Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3

7

(M.D. Fla. Jan, 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

The settlement of Plaintiffs' FLSA claims in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiffs and Defendant after extensive investigation, discovery, and negotiation. To this end, Plaintiffs and Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the attached Agreements represent a reasonable compromise of Plaintiffs' FLSA claims. The settlement amounts were negotiated independently from the negotiations for Plaintiffs' attorney fee award. Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount Defendant has agreed to pay under the terms of the Parties' Agreement is a fair and reasonable settlement of a bona fide dispute. In light of Plaintiffs receiving all overtime and liquidated damages within the FLSA's 3 year statute of limitations, the Parties therefore respectfully submit that the attached Agreements should be approved by the Court consistent with precedent, including Lynn's Food, 679 F.2d at 1353.

WHEREFORE, Plaintiffs, ADAM SCHEIDT and PATRICK MCGOVERN, Opt-In Plaintiffs, JAY BURCHARD, JOHNNY HARDAN, AND RANDY REYNA and Defendant, BL RESTAURANT OPERATIONS, LLC, d/b/a BAR LOUIE respectfully request that this Court find the settlement agreements of Plaintiffs and Opt-In Plaintiffs' FLSA claims to be fair and reasonable and dismiss this action with prejudice.

DATED this 25th day of September, 2017.

Respectfully submitted,

| | |
|---|---|
| SHAVITZ LAW GROUP, P.A. | JACKSON LEWIS P.C. |
| 1515 South Federal Highway, Suite 404 | 390 N. Orange Avenue, Suite 1285 |
| Boca Raton, Florida 33432 | Orlando, Florida 32801 |
| Telephone: (561) 447-8888 | Telephone: (407) 246-8440 |
| Facsimile: (561) 447-8831 | Facsimile: (407) 246-8441 |
| By: */s/ Gregg I. Shavitz* | By: */s/ Tasos C. Paindiris* |
| Gregg I. Shavitz | Tasos C. Paindiris |
| Florida Bar No. 11398 | Florida Bar No. 41806 |
| gshavitz@shavitzlaw.com | tasos.paindiris@jacksonlewis.com |
| Camar Jones | Jesse I. Unruh |
| Florida Bar No. 720291 | Florida Bar No. 0093121 |
| cjones@shavitzlaw.com | jesse.unruh@jacksonlewis.com |
| Attorneys for Plaintiffs | Attorneys for Defendant - BL RESTAURANT OPERATIONS, LLC d/b/a BAR LOUIE |

4851-2058-6063, v. 1