# Exhibit A

Case number: 9:17-cv-80384-RLR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:  9:17-cv-80384-RLR

| | |
|---|---|
| ADAM SCHEIDT and PATRICK MCGOVERN,<br><br>       Plaintiffs,<br>v.<br><br>BL RESTAURANT OPERATIONS, LLC d/b/a BAR LOUIE,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between JAY BURCHARD ("Plaintiff") and BL Restaurant Operations, LLC d/b/a/ Bar Louie (Defendant).

WHEREAS, Plaintiff, through the above-captioned case ("the Lawsuit"), alleged wages and compensation are due to Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA");

WHEREAS, Defendant denies any violation of the FLSA as it regards Plaintiff, and, in fact, assert that it has at all times complied with the FLSA in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid further litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the Lawsuit are hereby resolved as follows:

1.      **RECITALS**.   The foregoing recitals are true and correct and are incorporated herein by this reference.

2.      **ACKNOWLEDGMENTS**.  Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of Plaintiff's FLSA claims against Defendant in the Lawsuit.

3.      **RELEASE OF FLSA CLAIMS**.

a.      This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendant for back wages and liquidated damages.

b.      The parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice with the Court.  Payment of the Consideration set forth in Section 4 of this Agreement is contingent upon (1) the Court's approval of this settlement; (2) the Court's approval of the settlement of all other Plaintiffs and Opt-In Plaintiffs in the Lawsuit; and (3) the dismissal with prejudice of the entire Lawsuit and all claims of the Plaintiffs and Opt-In Plaintiffs with prejudice.

c.      Plaintiff hereby knowingly and voluntarily releases Defendant; its parents, predecessors, successors, assigns, subsidiaries, affiliates, professional employer organization and insurers; and their past and present directors, officers, managers, shareholders, members, employees, agents, professional employer organization, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, professional employer organizations, insurers and attorneys (collectively "Releasees"); of

2

and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.  This release does not include the waiver of claims by Plaintiff of any claims other than his FLSA claims.

4.    **CONSIDERATION**.

a.    Within fifteen (15) days after the latter of: (1) when Plaintiff delivers to Defendant's counsel an executed:

i.    original of this Agreement,
ii.    W-4 form by Plaintiff,
iii.    W-9 form by Plaintiff, and
iv.    W-9 form by Plaintiff's counsel; and

(2) the Court approves this Agreement and dismisses the FLSA claims of all Plaintiffs and Opt-In Plaintiffs in the Lawsuit with prejudice, then, in consideration of the matters set forth herein, Defendant (or its designee) shall pay the total sum of $11,050.00 (hereinafter the "Settlement Sum"), less applicable deductions as described below.  Such Settlement Sum shall be allocated as follows:

- $1,775.00, made payable to JAY BURCHARD, as and for any wages and compensation allegedly due to JAY BURCHARD pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue JAY BURCHARD;

- $1,775.00, made payable to JAY BURCHARD, as and for liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to JAY BURCHARD;

- $7,500.00, made payable to The Shavitz Law Group, as payment of attorneys' fees incurred in connection with Plaintiff's claims under the FLSA, and for which an IRS Form 1099 shall issue to The Shavitz Law Group.

a.    Plaintiff understands and acknowledges that Plaintiff would not receive the payments specified in this paragraph except for Plaintiff's execution of this Agreement, including the Release of all FLSA Claims, and Plaintiff's fulfillment of the promises contained herein.

3

b.      Defendant make no representation as to the taxability of the amounts paid to Plaintiff.  Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or Plaintiff's attorneys under the terms of this Agreement.

5.      **AFFIRMATIONS**.

a.      Plaintiff affirms that, upon payment of the amounts set forth herein, Plaintiff will have been paid and/or will have received all compensation due under the FLSA, liquidated damages related to compensation, and attorney's fees and costs in connection with Plaintiff's claims for compensation under the FLSA.

b.      Plaintiff affirms that, as of the date Plaintiff signs this Agreement, Plaintiff is not Medicare eligible (*i.e.*, are not 65 years of age or older; are not suffering from end stage renal failure; and have not received Social Security Disability Insurance benefits for 24 months or longer).  Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Plaintiff.  Plaintiff agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under this paragraph.  Further, Plaintiff agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

6.    **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees. This Agreement represents the compromise of disputed and contingent claims.

7.    **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges that Plaintiff is aware that he is giving up all FLSA claims he may have against the Releasees. Plaintiff acknowledges that Plaintiff has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that Plaintiff has consulted with his counsel-of-record, Gregg Shavitz and/or Camar Jones, prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

8.    **WAIVER OF JURY TRIAL. Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any future claims between the Parties relating to this Agreement.**

9.    **SEVERABILITY**. Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

10.    **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event

of any action arising hereunder, venue shall be proper in the United States District Court for the Southern District of Florida, Palm Beach Division.

11.     **ENTIRE AGREEMENT AS TO FLSA CLAIMS.**  This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the FLSA claims. Plaintiff acknowledges Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to sign this Agreement, except those set forth in this Agreement.

12.     **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. **EXECUTION IN COUNTERPARTS**.  This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original.  All the counterparts together shall constitute one and the same instrument.

14.     **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH**

HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _____9-21_____, 2017                    _Jay Burchard_____

                                               JAY BURCHARD

STATE OF _____TX_____ )

COUNTY OF _Tarrant____ )

       SWORN TO AND SUBSCRIBED before me this 21ST day of _September_ ,
2017, by JAY BURCHARD, who is personally known to me or has produced
_DRIVERS LICENSE_____ as identification.

                                               _____

                                               (Notary Signature)

      (NOTARY SEAL)                  _KYLE  MARTIN_____

                                               (Notary Name Printed)

                                               NOTARY PUBLIC

                                               Commission No. _130942685_____

KYLE MARTIN
Notary Public, State of Texas
Comm. Expires 12-27-2020
Notary ID 130942685

8

Dated: ___9/22___, 2017

**BL Restaurant Operations, LLC d/b/a Bar Louie**

Sign: _____

Print: __Tamara Bebb__

Title: __CFO__

STATE OF __Texas__ )

COUNTY OF __Dallas__ )

SWORN TO AND SUBSCRIBED before me this __22__ day of __September__, 2017, by __Tamara Bebb__, who is personally known to me or has produced _____ as identification.

__Michelle L. Grass__
(Notary Signature)

(NOTARY SEAL)

__Michelle L. Grass__
(Notary Name Printed)
NOTARY PUBLIC
Commission No. __197304-7__

MICHELLE L. GRASS
Notary Public, State of Texas
Comm. Expires 07-14-2020
Notary ID 197304-7

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:  9:17-cv-80384-RLR

| | | |
|---|---|---|
| ADAM SCHEIDT and PATRICK MCGOVERN, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| BL RESTAURANT OPERATIONS, LLC d/b/a BAR LOUIE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between JOHNNY HARDAN ("Plaintiff") and BL Restaurant Operations, LLC d/b/a/ Bar Louie (Defendant).

WHEREAS, Plaintiff, through the above-captioned case ("the Lawsuit"), alleged wages and compensation are due to Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA");

WHEREAS, Defendant denies any violation of the FLSA as it regards Plaintiff, and, in fact, assert that it has at all times complied with the FLSA in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid further litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the Lawsuit are hereby resolved as follows:

1.  **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.  **ACKNOWLEDGMENTS**.  Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of Plaintiff's FLSA claims against Defendant in the Lawsuit.

3.  **RELEASE OF FLSA CLAIMS**.

    a.  This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendant for back wages and liquidated damages.

    b.  The parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice with the Court.  Payment of the Consideration set forth in Section 4 of this Agreement is contingent upon (1) the Court's approval of this settlement; (2) the Court's approval of the settlement of all other Plaintiffs and Opt-In Plaintiffs in the Lawsuit; and (3) the dismissal with prejudice of the entire Lawsuit and all claims of the Plaintiffs and Opt-In Plaintiffs with prejudice.

    c.  Plaintiff hereby knowingly and voluntarily releases Defendant; its parents, predecessors, successors, assigns, subsidiaries, affiliates, professional employer organization and insurers; and their past and present directors, officers, managers, shareholders, members, employees, agents, professional employer organization, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, professional employer organizations, insurers and attorneys (collectively "Releasees"); of

2

and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.  This release does not include the waiver of claims by Plaintiff of any claims other than his FLSA claims.

4.    **CONSIDERATION**.

a.    Within fifteen (15) days after the latter of: (1) when Plaintiff delivers to Defendant's counsel an executed:

    i.     original of this Agreement,
    ii.    W-4 form by Plaintiff,
    iii.   W-9 form by Plaintiff, and
    iv.   W-9 form by Plaintiff's counsel; and

(2) the Court approves this Agreement and dismisses the FLSA claims of all Plaintiffs and Opt-In Plaintiffs in the Lawsuit with prejudice, then, in consideration of the matters set forth herein, Defendant (or its designee) shall pay the total sum of $14,200.00 (hereinafter the "Settlement Sum"), less applicable deductions as described below.  Such Settlement Sum shall be allocated as follows:

- $2,350.00, made payable to JOHNNY HARDAN, as and for any wages and compensation allegedly due to JOHNNY HARDAN pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue JOHNNY HARDAN;

- $2,350.00, made payable to JOHNNY HARDAN, as and for liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to JOHNNY HARDAN;

- $9,500.00, made payable to The Shavitz Law Group, as payment of attorneys' fees incurred in connection with Plaintiff's claims under the FLSA, and for which an IRS Form 1099 shall issue to The Shavitz Law Group.

a.    Plaintiff understands and acknowledges that Plaintiff would not receive the payments specified in this paragraph except for Plaintiff's execution of this Agreement, including the Release of all FLSA Claims, and Plaintiff's fulfillment of the promises contained herein.

b.      Defendant make no representation as to the taxability of the amounts paid to Plaintiff.  Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.   Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or Plaintiff's attorneys under the terms of this Agreement.

     5.      **<u>AFFIRMATIONS</u>**.

a.      Plaintiff affirms that, upon payment of the amounts set forth herein, Plaintiff will have been paid and/or will have received all compensation due under the FLSA, liquidated damages related to compensation, and attorney's fees and costs in connection with Plaintiff's claims for compensation under the FLSA.

b.      Plaintiff affirms that, as of the date Plaintiff signs this Agreement, Plaintiff is not Medicare eligible (*i.e.*, are not 65 years of age or older; are not suffering from end stage renal failure; and have not received Social Security Disability Insurance benefits for 24 months or longer).   Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Plaintiff.  Plaintiff agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under this paragraph.   Further, Plaintiff agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

6.   **NO ADMISSION**.   Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees.  This Agreement represents the compromise of disputed and contingent claims.

7.   **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges that Plaintiff is aware that he is giving up all FLSA claims he may have against the Releasees.   Plaintiff acknowledges that Plaintiff has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.   In fact, Plaintiff acknowledges that Plaintiff has consulted with his counsel-of-record, Gregg Shavitz and/or Camar Jones, prior to executing this Agreement.  Plaintiff signs this Agreement voluntarily.

8.   **WAIVER OF JURY TRIAL.  Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any future claims between the Parties relating to this Agreement.**

9.   **SEVERABILITY**.   Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

10.   **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.  In the event

of any action arising hereunder, venue shall be proper in the United States District Court for the Southern District of Florida, Palm Beach Division.

        11.    **ENTIRE AGREEMENT AS TO FLSA CLAIMS.**  This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the FLSA claims. Plaintiff acknowledges Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to sign this Agreement, except those set forth in this Agreement.

        12.    **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

        13. **EXECUTION IN COUNTERPARTS**.  This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original.  All the counterparts together shall constitute one and the same instrument.

        14.    **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

        **HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH**

HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: Sept 21 , 2017

JOHNNY HARDAN

STATE OF Texas )
COUNTY OF Bell )

SWORN TO AND SUBSCRIBED before me this 21st day of September, 2017, by JOHNNY HARDAN, who is personally known to me or has produced Drivers License as identification.

(Notary Signature)

(NOTARY SEAL)

TAVOYA CARLTON-ELLSWORTH
My Notary ID # 130632314
Expires April 22, 2020

Tavaya Carlton Ellsworth
(Notary Name Printed)
NOTARY PUBLIC
Commission No. 130632314

8

Dated: _____9/22_____, 2017        **BL Restaurant Operations, LLC d/b/a Bar Louie**

Sign: _____

Print: ___Tamara Bebb_____

Title: ___CFO_____


STATE OF _Texas_____ )

COUNTY OF _Dallas_____ )

SWORN TO AND SUBSCRIBED before me this 22 day of September, 2017, by _Tamara Bebb_____, who is personally known to me or has produced _____ as identification.

_Michelle L. Grass_____
(Notary Signature)

(NOTARY SEAL)                     _Michelle L. Grass_____
                                  (Notary Name Printed)
                                  NOTARY PUBLIC
                                  Commission No. _197304-7_

MICHELLE L. GRASS
Notary Public, State of Texas
Comm. Expires 07-14-2020
Notary ID 197304-7

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:17-cv-80384-RLR

| | |
|---|---|
| ADAM SCHEIDT and PATRICK MCGOVERN, | ) )<br>) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BL RESTAURANT OPERATIONS, LLC d/b/a BAR LOUIE, | ) )<br>) )<br>) |
| Defendant. | ) )<br>) |

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between PATRICK MCGOVERN ("Plaintiff") and BL Restaurant Operations, LLC d/b/a/ Bar Louie (Defendant).

WHEREAS, Plaintiff, through the above-captioned case ("the Lawsuit"), alleged wages and compensation are due to Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, Defendant denies any violation of the FLSA as it regards Plaintiff, and, in fact, assert that it has at all times complied with the FLSA in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid further litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the Lawsuit are hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of Plaintiff's FLSA claims against Defendant in the Lawsuit.

3. **RELEASE OF FLSA CLAIMS**.

a. This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendant for back wages and liquidated damages.

b. The parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice with the Court. Payment of the Consideration set forth in Section 4 of this Agreement is contingent upon (1) the Court's approval of this settlement; (2) the Court's approval of the settlement of all other Plaintiffs and Opt-In Plaintiffs in the Lawsuit; and (3) the dismissal with prejudice of the entire Lawsuit and all claims of the Plaintiffs and Opt-In Plaintiffs with prejudice.

c. Plaintiff hereby knowingly and voluntarily releases Defendant; its parents, predecessors, successors, assigns, subsidiaries, affiliates, professional employer organization and insurers; and their past and present directors, officers, managers, shareholders, members, employees, agents, professional employer organization, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, professional employer organizations, insurers and attorneys (collectively "Releasees"); of

2

and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.  This release does not include the waiver of claims by Plaintiff of any claims other than his FLSA claims.

    4.    **CONSIDERATION**.

    a.    Within fifteen (15) days after the latter of: (1) when Plaintiff delivers to Defendant's counsel an executed:

    i.    original of this Agreement,
    ii.    W-4 form by Plaintiff,
    iii.    W-9 form by Plaintiff, and
    iv.    W-9 form by Plaintiff's counsel; and

(2) the Court approves this Agreement and dismisses the FLSA claims of all Plaintiffs and Opt-In Plaintiffs in the Lawsuit with prejudice, then, in consideration of the matters set forth herein, Defendant (or its designee) shall pay the total sum of $45,850.00 (hereinafter the "Settlement Sum"), less applicable deductions as described below.  Such Settlement Sum shall be allocated as follows:

- $7,675.00, made payable to PATRICK MCGOVERN, as and for any wages and compensation allegedly due to PATRICK MCGOVERN pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue PATRICK MCGOVERN;

- $7,675.00, made payable to PATRICK MCGOVERN, as and for liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to PATRICK MCGOVERN;

- $30,500.00, made payable to The Shavitz Law Group, as payment of attorneys' fees incurred in connection with Plaintiff's claims under the FLSA, and for which an IRS Form 1099 shall issue to The Shavitz Law Group.

    a.    Plaintiff understands and acknowledges that Plaintiff would not receive the payments specified in this paragraph except for Plaintiff's execution of this Agreement, including the Release of all FLSA Claims, and Plaintiff's fulfillment of the promises contained herein.

3

b.      Defendant make no representation as to the taxability of the amounts paid to Plaintiff.  Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or Plaintiff's attorneys under the terms of this Agreement.

5.      **AFFIRMATIONS**.

a.      Plaintiff affirms that, upon payment of the amounts set forth herein, Plaintiff will have been paid and/or will have received all compensation due under the FLSA, liquidated damages related to compensation, and attorney's fees and costs in connection with Plaintiff's claims for compensation under the FLSA.

b.      Plaintiff affirms that, as of the date Plaintiff signs this Agreement, Plaintiff is not Medicare eligible (*i.e.*, are not 65 years of age or older; are not suffering from end stage renal failure; and have not received Social Security Disability Insurance benefits for 24 months or longer).  Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Plaintiff.  Plaintiff agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under this paragraph.  Further, Plaintiff agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

4

6.    **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees.  This Agreement represents the compromise of disputed and contingent claims.

7.    **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges that Plaintiff is aware that he is giving up all FLSA claims he may have against the Releasees.  Plaintiff acknowledges that Plaintiff has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.   In fact, Plaintiff acknowledges that Plaintiff has consulted with his counsel-of-record, Gregg Shavitz and/or Camar Jones, prior to executing this Agreement.  Plaintiff signs this Agreement voluntarily.

8.    **WAIVER OF JURY TRIAL**. **Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any future claims between the Parties relating to this Agreement.**

9.    **SEVERABILITY**.  Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

10.    **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.  In the event

of any action arising hereunder, venue shall be proper in the United States District Court for the Southern District of Florida, Palm Beach Division.

11.    **ENTIRE AGREEMENT AS TO FLSA CLAIMS.**  This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the FLSA claims. Plaintiff acknowledges Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to sign this Agreement, except those set forth in this Agreement.

12.    **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. **EXECUTION IN COUNTERPARTS**.  This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original.  All the counterparts together shall constitute one and the same instrument.

14.    **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH**

HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _09/21_ , 2017                    _Patrick McGovern_

PATRICK MCGOVERN


STATE OF _Oklahoma_ )

COUNTY OF _Logan_ )

SWORN TO AND SUBSCRIBED before me this _21st_ day of _September_, 2017, by PATRICK MCGOVERN, who is personally known to me or has produced _drivers license_ as identification. .

_Linda Miller_

(Notary Signature)

_Linda Miller_

(Notary Name Printed)
NOTARY PUBLIC
Commission No. _14008452_

(NOTARY SEAL)

LINDA MILLER
NOTARY PUBLIC
No. 14008452
EXP. 9/16/2018
IN AND FOR
STATE OF OKLAHOMA

8

Dated: _9/22_ , 2017

**BL Restaurant Operations, LLC d/b/a Bar Louie**

Sign: _____

Print: _Tamara Bebb_

Title: _CFO_

STATE OF _Texas_ )

COUNTY OF _Dallas_ )

SWORN TO AND SUBSCRIBED before me this _22_ day of _September_, 2017, by _Tamara Bebb_ , who is personally known to me or has produced _____ as identification.

_Michelle L. Grass_
(Notary Signature)

(NOTARY SEAL)

_Michelle L. Grass_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _197304-7_

MICHELLE L. GRASS
Notary Public, State of Texas
Comm. Expires 07-14-2020
Notary ID 197304-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:17-cv-80384-RLR

ADAM SCHEIDT and PATRICK            )
MCGOVERN,                           )
                                    )
            Plaintiffs,             )
v.                                  )
                                    )
BL RESTAURANT OPERATIONS, LLC       )
d/b/a BAR LOUIE,                    )
                                    )
            Defendant.              )
                                    )

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between RANDY REYNA ("Plaintiff") and BL Restaurant Operations, LLC d/b/a/ Bar Louie (Defendant).

WHEREAS, Plaintiff, through the above-captioned case ("the Lawsuit"), alleged wages and compensation are due to Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, Defendant denies any violation of the FLSA as it regards Plaintiff, and, in fact, assert that it has at all times complied with the FLSA in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid further litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the Lawsuit are hereby resolved as follows:

1.  **RECITALS**.   The foregoing recitals are true and correct and are incorporated herein by this reference.

2.  **ACKNOWLEDGMENTS**.  Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of Plaintiff's FLSA claims against Defendant in the Lawsuit.

3.  **RELEASE OF FLSA CLAIMS**.

    a.  This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendant for back wages and liquidated damages.

    b.  The parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice with the Court.  Payment of the Consideration set forth in Section 4 of this Agreement is contingent upon (1) the Court's approval of this settlement; (2) the Court's approval of the settlement of all other Plaintiffs and Opt-In Plaintiffs in the Lawsuit; and (3) the dismissal with prejudice of the entire Lawsuit and all claims of the Plaintiffs and Opt-In Plaintiffs with prejudice.

    c.  Plaintiff hereby knowingly and voluntarily releases Defendant; its parents, predecessors, successors, assigns, subsidiaries, affiliates, professional employer organization and insurers; and their past and present directors, officers, managers, shareholders, members, employees, agents, professional employer organization, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, professional employer organizations, insurers and attorneys (collectively "Releasees"); of

2

and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement. This release does not include the waiver of claims by Plaintiff of any claims other than his FLSA claims.

    4.    **CONSIDERATION**.

    a.    Within fifteen (15) days after the latter of: (1) when Plaintiff delivers to Defendant's counsel an executed:

    i.    original of this Agreement,
    ii.    W-4 form by Plaintiff,
    iii.    W-9 form by Plaintiff, and
    iv.    W-9 form by Plaintiff's counsel; and

(2) the Court approves this Agreement and dismisses the FLSA claims of all Plaintiffs and Opt-In Plaintiffs in the Lawsuit with prejudice, then, in consideration of the matters set forth herein, Defendant (or its designee) shall pay the total sum of $1,000.00 (hereinafter the "Settlement Sum"), less applicable deductions as described below. Such Settlement Sum shall be allocated as follows:

- $250.00, made payable to RANDY REYNA, as and for any wages and compensation allegedly due to RANDY REYNA pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue RANDY REYNA;

- $250.00, made payable to RANDY REYNA, as and for liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to RANDY REYNA;

- $500.00, made payable to The Shavitz Law Group, as payment of attorneys' fees incurred in connection with Plaintiff's claims under the FLSA, and for which an IRS Form 1099 shall issue to The Shavitz Law Group.

    a.    Plaintiff understands and acknowledges that Plaintiff would not receive the payments specified in this paragraph except for Plaintiff's execution of this Agreement, including the Release of all FLSA Claims, and Plaintiff's fulfillment of the promises contained herein.

3

b.       Defendant make no representation as to the taxability of the amounts paid to Plaintiff.  Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or Plaintiff's attorneys under the terms of this Agreement.

5.    **AFFIRMATIONS**.

a.       Plaintiff affirms that, upon payment of the amounts set forth herein, Plaintiff will have been paid and/or will have received all compensation due under the FLSA, liquidated damages related to compensation, and attorney's fees and costs in connection with Plaintiff's claims for compensation under the FLSA.

b.       Plaintiff affirms that, as of the date Plaintiff signs this Agreement, Plaintiff is not Medicare eligible (*i.e.*, are not 65 years of age or older; are not suffering from end stage renal failure; and have not received Social Security Disability Insurance benefits for 24 months or longer).  Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Plaintiff.  Plaintiff agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under this paragraph.  Further, Plaintiff agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

4

6.     **NO ADMISSION**.   Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees. This Agreement represents the compromise of disputed and contingent claims.

7.     **OPPORTUNITY TO REVIEW**.   Plaintiff acknowledges that Plaintiff is aware that he is giving up all FLSA claims he may have against the Releasees.   Plaintiff acknowledges that Plaintiff has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.   In fact, Plaintiff acknowledges that Plaintiff has consulted with his counsel-of-record, Gregg Shavitz and/or Camar Jones, prior to executing this Agreement.   Plaintiff signs this Agreement voluntarily.

8.     **WAIVER OF JURY TRIAL. Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any future claims between the Parties relating to this Agreement.**

9.     **SEVERABILITY**.   Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

10.     **VENUE AND GOVERNING LAW**.   This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.   In the event

of any action arising hereunder, venue shall be proper in the United States District Court for the Southern District of Florida, Palm Beach Division.

11.   **ENTIRE AGREEMENT AS TO FLSA CLAIMS.**  This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the FLSA claims. Plaintiff acknowledges Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to sign this Agreement, except those set forth in this Agreement.

12.   **AMENDMENTS**.   This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. **EXECUTION IN COUNTERPARTS**.  This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original.  All the counterparts together shall constitute one and the same instrument.

14.   **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH**

HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _9 – 21 –_____, 2017

_[signature]_
**RANDY REYNA**


**STATE OF** _Colorado_ )

**COUNTY OF** _El – Paso_ )

      SWORN TO AND SUBSCRIBED before me this _21_ day of _Sept_,
2017, by RANDY REYNA, who is personally known to me or has produced
_Colo. Driver Licenses_ as identification.

_[signature]_
(Notary Signature)

(NOTARY SEAL)

_Sam S. Highe_
(Notary Name Printed)
**NOTARY PUBLIC**
**Commission No.** _199740117379_

| |
|---|
| SAM S. HIGHE |
| NOTARY PUBLIC |
| STATE OF COLORADO |
| NOTARY ID 19974017379 |
| MY COMMISSION EXPIRES OCTOBER 2, 2021 |

Dated: _____9/22_____, 2017

**BL Restaurant Operations, LLC d/b/a Bar Louie**

Sign: _____

Print: _____Tamara Bebb_____

Title: _____CFO_____

STATE OF _____Texas_____ )

COUNTY OF _____Dallas_____ )

　　　　SWORN TO AND SUBSCRIBED before me this 22 day of September, 2017, by _____Tamara Bebb_____, who is personally known to me or has produced _____ as identification.

_____Michelle L. Grass_____
(Notary Signature)

(NOTARY SEAL)

_____Michelle L. Grass_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _197304-7_

MICHELLE L. GRASS
Notary Public, State of Texas
Comm. Expires 07-14-2020
Notary ID 197304-7

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:17-cv-80384-RLR

| | |
|---|---|
| ADAM SCHEIDT and PATRICK MCGOVERN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BL RESTAURANT OPERATIONS, LLC d/b/a BAR LOUIE, | ) ) ) |
| Defendant. | ) ) ) |

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between ADAM SCHEIDT ("Plaintiff") and BL Restaurant Operations, LLC d/b/a/ Bar Louie (Defendant).

WHEREAS, Plaintiff, through the above-captioned case ("the Lawsuit"), alleged wages and compensation are due to Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA");

WHEREAS, Defendant denies any violation of the FLSA as it regards Plaintiff, and, in fact, assert that it has at all times complied with the FLSA in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid further litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the Lawsuit are hereby resolved as follows:

1.    **RECITALS**.    The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **ACKNOWLEDGMENTS**.  Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of Plaintiff's FLSA claims against Defendant in the Lawsuit.

3.    **RELEASE OF FLSA CLAIMS**.

a.    This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendant for back wages and liquidated damages.

b.    The parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice with the Court.  Payment of the Consideration set forth in Section 4 of this Agreement is contingent upon (1) the Court's approval of this settlement; (2) the Court's approval of the settlement of all other Plaintiffs and Opt-In Plaintiffs in the Lawsuit; and (3) the dismissal with prejudice of the entire Lawsuit and all claims of the Plaintiffs and Opt-In Plaintiffs with prejudice.

c.    Plaintiff hereby knowingly and voluntarily releases Defendant; its parents, predecessors, successors, assigns, subsidiaries, affiliates, professional employer organization and insurers; and their past and present directors, officers, managers, shareholders, members, employees, agents, professional employer organization, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, professional employer organizations, insurers and attorneys (collectively "Releasees"); of

2

and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.  This release does not include the waiver of claims by Plaintiff of any claims other than his FLSA claims.

4. **CONSIDERATION**.

a. Within fifteen (15) days after the latter of: (1) when Plaintiff delivers to Defendant's counsel an executed:

  i. original of this Agreement,
  ii. W-4 form by Plaintiff,
  iii. W-9 form by Plaintiff, and
  iv. W-9 form by Plaintiff's counsel; and

(2) the Court approves this Agreement and dismisses the FLSA claims of all Plaintiffs and Opt-In Plaintiffs in the Lawsuit with prejudice, then, in consideration of the matters set forth herein, Defendant (or its designee) shall pay the total sum of $3,000.00 (hereinafter the "Settlement Sum"), less applicable deductions as described below.  Such Settlement Sum shall be allocated as follows:

- $500.00, made payable to ADAM SCHEIDT, as and for any wages and compensation allegedly due to ADAM SCHEIDT pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue ADAM SCHEIDT;

- $500.00, made payable to ADAM SCHEIDT, as and for liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to ADAM SCHEIDT;

- $2,000.00, made payable to The Shavitz Law Group, as payment of attorneys' fees incurred in connection with Plaintiff's claims under the FLSA, and for which an IRS Form 1099 shall issue to The Shavitz Law Group.

a. Plaintiff understands and acknowledges that Plaintiff would not receive the payments specified in this paragraph except for Plaintiff's execution of this Agreement, including the Release of all FLSA Claims, and Plaintiff's fulfillment of the promises contained herein.

3

b.     Defendant make no representation as to the taxability of the amounts paid to Plaintiff.  Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.   Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or Plaintiff's attorneys under the terms of this Agreement.

5.     **AFFIRMATIONS**.

a.     Plaintiff affirms that, upon payment of the amounts set forth herein, Plaintiff will have been paid and/or will have received all compensation due under the FLSA, liquidated damages related to compensation, and attorney's fees and costs in connection with Plaintiff's claims for compensation under the FLSA.

b.     Plaintiff affirms that, as of the date Plaintiff signs this Agreement, Plaintiff is not Medicare eligible (*i.e.*, are not 65 years of age or older; are not suffering from end stage renal failure; and have not received Social Security Disability Insurance benefits for 24 months or longer).  Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Plaintiff.  Plaintiff agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under this paragraph.  Further, Plaintiff agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

4

6.     **NO ADMISSION**.   Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees.  This Agreement represents the compromise of disputed and contingent claims.

7.     **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges that Plaintiff is aware that he is giving up all FLSA claims he may have against the Releasees.   Plaintiff acknowledges that Plaintiff has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.   In fact, Plaintiff acknowledges that Plaintiff has consulted with his counsel-of-record, Gregg Shavitz and/or Camar Jones, prior to executing this Agreement.  Plaintiff signs this Agreement voluntarily.

8.     **WAIVER OF JURY TRIAL.** **Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any future claims between the Parties relating to this Agreement.**

9.     **SEVERABILITY**.  Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

10.     **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.  In the event

of any action arising hereunder, venue shall be proper in the United States District Court for the Southern District of Florida, Palm Beach Division.

11.     **ENTIRE AGREEMENT AS TO FLSA CLAIMS.**  This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the FLSA claims. Plaintiff acknowledges Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to sign this Agreement, except those set forth in this Agreement.

12.     **AMENDMENTS**.   This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. **EXECUTION IN COUNTERPARTS**.  This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original.  All the counterparts together shall constitute one and the same instrument.

14.     **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH**

HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _9-20_ , 2017

_____
ADAM SCHEIDT

STATE OF Colorado )

COUNTY OF Boulder )

SWORN TO AND SUBSCRIBED before me this 20th day of September, 2017, by ADAM SCHEIDT, who is personally known to me or has produced CoDrivers License as identification.

_____
(Notary Signature)

(NOTARY SEAL)

Rosaura Mares.
(Notary Name Printed)
NOTARY PUBLIC
Commission No. October 31, 2020

ROSAURA MARES
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20164041352
MY COMMISSION EXPIRES OCTOBER 31, 2020

8

Dated: _9/22_, 2017                     **BL Restaurant Operations, LLC d/b/a Bar Louie**

Sign: _____

Print: _Tamera Bebb_

Title: _CFO_


STATE OF _Texas_ )

COUNTY OF _Dallas_ )

    SWORN TO AND SUBSCRIBED before me this _22_ day of _September_,
2017, by _Tamara Bebb_____, who is <u>personally known to me</u> or has produced
_____ as identification.

                           _Michelle L. Grass_
                           (Notary Signature)

    (NOTARY SEAL)

                           _Michelle L. Grass_
                           (Notary Name Printed)
                           NOTARY PUBLIC
                           Commission No. _197304-7_

```
MICHELLE L. GRASS
Notary, Public, State of Texas
Comm. Expires 07-14-2020
Notary ID 197304-7
```

4835-4929-8764, v. 5